IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DELORES HECKMANN,)
)
                Plaintiff,   )   No. CV-04-1456-HU
)
   v.                     )
)
CITY OF MILWAUKIE,       )   ORDER
)
                Defendant.  )

HUBEL, Magistrate Judge:

    Plaintiff Delores Heckmann brings this action against defendant the City of Milwaukie, apparently challenging the imposition of certain municipal fines and a judicially authorized sale of her real property. Plaintiff filed the action in October 2004 and the case was originally assigned to Judge Mosman. Defendant moved to dismiss the action for failure to state a claim, or alternatively, for an order requiring plaintiff to make her allegations more definite and certain.

    In an April 4, 2005 Opinion & Order, Judge Mosman granted the motion to make more definite and certain and directed plaintiff to submit an amended complaint within fourteen days. As noted by

1 - ORDER

Judge Mosman, the Complaint stated, in full, as follows: "This [is] about [an] Exempt Property - Veterans Loan For A Home. My true statement on cover sheet. Inside will tell you what went on over our Property 'to make our Son and Two Grandchildren Homeless.'"

Attached to the Complaint is an affidavit by plaintiff briefly identifying the members of her family and describing a series of attached exhibits. The exhibits included correspondence between the City of Milwaukie prosecutor and plaintiff's former counsel regarding the fines levied against the Heckmanns for violations of city health and safety codes on the Heckmanns' property, various documents regarding payments on an Oregon Department of Veterans' Affairs note and mortgage on the property, and state court pleadings filed by the City of Milwaukie in connection with its enforcement actions against the Heckmanns.

Judge Mosman explained that the Complaint failed to comply with Federal Rule of Civil Procedure Rule 8(a)(2) because it did not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement of the claim showing that the pleader is entitled to relief," or "a demand for judgment for the relief the pleader seeks." Apr. 4, 2005 Op. & Ord. at p. 2. He further explained that as a result, the Complaint was so vague and ambiguous that defendant could not reasonably be required to frame a responsive pleading. Id.

Judge Mosman noted that the exhibits, and plaintiff's comments on each exhibit, suggested that plaintiff's complaint related in some way to the City of Milwaukie's actions with respect to plaintiff's property and the property's judicially ordered sale.

2 - ORDER

1  Id.  But, he stated, it was not clear which actions plaintiff
2  complained of, what damages the actions are alleged to have caused,
3  or on what basis the court had jurisdiction.  Id.
4     Judge Mosman then carefully explained what plaintiff's amended
5  complaint should contain.  Id. at pp. 2-3.  He attached pages from
6  the official Appendix of Forms provided by the Federal Rules of
7  Civil Procedure to assist plaintiff in her task.  Id. at p. 3.  He
8  explained the possible bases for jurisdiction, noting that
9  diversity jurisdiction was unlikely given that both plaintiff and
10 defendant appeared to be citizens of Oregon.  Id.  He further
11 explained the different types of relief that plaintiff might seek
12 and how she needed to identify the wrongful actions allegedly taken
13 by defendant and how they caused her damage or otherwise entitled
14 her to relief.  Id.
15    In response to Judge Mosman's April 4, 2005 Opinion & Order,
16 plaintiff filed an untitled document on April 29, 2005, which Judge
17 Mosman construed as the Amended Complaint.  Following receipt of
18 that pleading, the case was transferred to me due to both parties'
19 consent to entry of final judgment by a Magistrate Judge in
20 accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §
21 636(c).  Defendant now moves to dismiss the Amended Complaint.  I
22 grant the motion.
23    The Amended Complaint states in full as follows:

> May 1, 1998 Court Date - for Violation
> City of Milwaukie - Judge Gray Municipal Court.
>
> (1) Wilhelm & Delores & Dannie Heckmann asked for a change of Judge.  It was denied - We did not think Judge Gray would be fair with us.
>
> (2) Judge Gray fined us - Wilhelm & Delores & Dannie Heckmann all (3) as one $100,000.00 - Plus $38,191.19

3 - ORDER

>        Dannie Heckmann unpaid fines.  This is a very large
>        massive fine - Not to City Code - City of Milwaukie Code
>        $500.00 per day -
>
>        (3) The City of Milwaukie entered satisfaction of fines
>        from April 17, 1997, court in Oregon City for $4500.00 -
>        before the City of Milwaukie wanted $35,000 from Wilhelm
>        Heckmann & Delores Heckmann 2 court violation.  They were
>        massive fine not to City Code - Entered on August 31,
>        1997.  Then the new violation beginning on Oct 15, 1997
>        Just 45 day.  For 67 days of violions [sic] $100,000.00
>        was for the (67) days.
>
>        (4) The massive fines were the cause for making my family
>        - homeless - no atty and my husband very sick was unable
>        to go to court in Ore. City.  When the City of Milwaukie
>        took us to court.
>
>                    My Hope for monetary relief.
>                         My True Statement
>                         /s/ Delores Heckmann

Am. Compl.

Defendant contends that the Amended Complaint must be dismissed for failure to allege facts that state a claim upon which relief may be granted, or which show that this Court has subject matter jurisdiction of plaintiff's claims. Defendant notes that it appears from the allegations in plaintiff's Amended Complaint that she challenges "massive fines" imposed by "Judge Gray" of the "municipal court."  Defendant contends that plaintiff fails to allege how these allegations support a claim against defendant. Defendant further suggests that the Amended Complaint fails to comply with Judge Mosman's Opinion & Order requiring that the Amended Complaint briefly and clearly state the basis for federal court jurisdiction over the action.

In response to the motion, plaintiff writes that it is her belief that defendant has retaliated "against us." Pltf's Resp. at p. 1.  She attaches several exhibits, all of which were attached to her affidavit submitted in support of her original Complaint.  The

4 - ORDER

exhibits include correspondence from defendant's attorney to plaintiff's then attorney in 1997 regarding Clackamas County District Court Case No. 96-10666 and referencing forms of judgment, a prior plea of guilty to certain violations, reference to future citations for new violations, the possibility of a payment plan to pay off a fine, and more. Exhs. 1 and 2 to Pltf's Resp.

The exhibits also include a satisfaction of judgment in the same Clackamas County case dated August 31, 1997, and a Complaint filed on March 23, 1998, in the City of Milwaukie Municipal Court, for alleged municipal code violations beginning on October 15, 1997 and continuing. Exhs. 3 and 4 to Pltf's Resp. The new complaint was assigned case number 100198 (1--11). Finally, the exhibits include an Order signed by Judge Ronald Gray and dated September 9, 1998, in the City of Milwaukie Municipal Court in case numbers 100198, 100298, and 100398, which makes certain findings of fact and orders the payment of a $100,000 fine, to which the defendants in the case, Wilhelm Heckmann, Delores Heckmann, and Dannie Heckmann were jointly and severally liable, Exh. 5 to Pltf's Resp.

Defendant is correct that the Amended Complaint fails to comply with Judge Mosman's Opinion & Order in that it does not present a basis for federal court jurisdiction and fails to articulate a short and plain statement showing entitlement to relief. The Amended Complaint, like the original Complaint, includes insufficient facts to demonstrate the nature of plaintiff's claim. There is no indication of what laws, constitutional provisions, or common law rights plaintiff believes defendant allegedly violated or how particular facts support a claim. Certainly plaintiff believes that the fines levied against

5 - ORDER

her and her husband and son, and the later judicial sale of her property, was wrongful in some manner. But, she does not articulate any particular legal theory in support of her belief and does not put forth facts upon which this Court can derive a possible theory. Plaintiff's response to defendant's motion, and its supporting exhibits, do not address or cure the failures of the Amended Complaint. Accordingly, the Amended Complaint must be dismissed.

The remaining issue is whether the dismissal is to be with or without prejudice. Defendant does not address the question.

Generally, "[u]nless it is absolutely clear that no amendment can cure the defect . . ., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Although Judge Mosman's Opinion & Order granted defendant's alternate motion for a more definite statement rather than the motion to dismiss, Judge Mosman carefully explained the Complaint's deficiencies and gave plaintiff leave to amend. Nonetheless, he did not warn her that failure to submit an amended pleading in conformity with his directions or the Federal Rules of Civil Procedure would result in a dismissal of the action with prejudice. Because he did not do so, I exercise my discretion in favor of giving plaintiff one more opportunity to file a complaint that complies with the requirements thoroughly discussed by Judge Mosman. I further note that because "[a]n amended pleading supersedes the original[,]" Hal-Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990), plaintiff should

file a Second Amended Complaint which does not rely on or incorporate her prior filings. Any Second Amended Complaint must stand alone in stating the basis for jurisdiction, in stating facts in support of a claim, in stating the legal theory, including the statute, constitution, or common-law basis for the claim, and in stating the relief sought. If the Second Amended Complaint continues to be deficient in the ways discussed in Judge Mosman's Opinion & Order and in this Order, it will be dismissed with prejudice and no further amendments will be allowed.

CONCLUSION

Defendant's motion to dismiss (#19) is granted. Plaintiff shall file a Second Amended Complaint within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

Dated this  28th  day of  June , 2005.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

7 - ORDER